IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **Travis Eugene Williams,** )<br>Petitioner, )<br>)<br>v. )<br>)<br>**Gene M. Johnson,** )<br>Respondent. ) | <br><br><br>1:07cv1041 (GBL/TCB) |

## MEMORANDUM OPINION

THIS MATTER is before the Court on respondent Johnson's Motion to Dismiss petitioner Williams' petition for a writ of habeas corpus. This case concerns the constitutionality of petitioner's felony convictions entered in a jury verdict in the Circuit Court of the City of Petersburg, Virginia, for one count of breaking and entering, two counts of robbery, two counts of use of a firearm, and one count of discharging a firearm into an occupied building. The issue before the Court is whether the Supreme Court of Virginia's findings that petitioner was not denied the effective assistance of counsel were contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. As the Supreme Court of Virginia's holdings with respect to all of petitioner's ineffective assistance of counsel claims were neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts, petitioner's claims will be dismissed.

### I. Background

On November 16, 2004, petitioner Williams was convicted of one count of breaking and entering, two counts of robbery, two counts of use of a firearm, and one count of discharging a

firearm into an occupied building in the Circuit Court of the City of Petersburg, Virginia. Williams was sentenced on February 16, 2005, to thirty-eight years in prison, with no time suspended. Commonwealth v. Williams, Case Nos. CR04-558-01 through CR04-563-01 (Va. Cir. Ct. Feb. 16, 2005). Williams filed a petition for appeal with the Court of Appeals of Virginia, which was denied on December 29, 2005. Williams v. Commonwealth, No. 0561-05-2 (Va. Ct. App. Dec. 29, 2005). Williams subsequently filed a petition for appeal with the Supreme Court of Virginia, which was also denied on September 5, 2006. Williams v. Commonwealth, No. 060545 (Va. Sept. 5, 2006).

On October 2, 2006, Williams filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on March 16, 2007. Williams v. Commonwealth, No. 062003 (Va. Mar. 16, 2007). On October 16, 2007, Williams filed the instant petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams raises the following claims of ineffective assistance of counsel, identical to his state habeas claims, in his federal habeas petition:

1. Counsel misled the trial court about petitioner's position regarding the videotaped confession played at trial and failed to represent petitioner's actual concerns.

2. Counsel failed to object to the admissibility of the videotaped confession or move to suppress it.

3. Counsel failed to argue that petitioner's confession was illegal and inadmissible under the exclusionary rule because his arrest was invalid due to lack of probable cause.

4. Counsel failed to object to the prosecutor's statement to the jury during closing argument that petitioner confessed to the crimes on the stand.

5. Counsel failed to argue in his closing argument that Detective Liverman coerced petitioner's confession.

> 6. Counsel failed to pursue a viable defense, specifically that Detective Liverman coerced petitioner's confession.
>
> 7. Counsel failed to request scientific testing of petitioner's clothing items, which the Commonwealth collected as evidence and indicated at trial that petitioner wore during the robbery, in order to prove that no gunshot residue particles were present and thus to exculpate petitioner.
>
> 8. Counsel failed to object to the prosecutor's introduction of evidence by the prosecutor of petitioner's alleged prior juvenile convictions during the sentencing phase of the trial.

Pet. 2-3.

On July 23, 2008, respondent filed a Motion to Dismiss and a Rule 5 Answer. Williams was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Williams filed his Objections and Opposition to the Motion to Dismiss on July 23, 2008. Additionally, on September 30, 2008, Williams filed a Motion for Bond, seeking release from prison while his petition was pending in this Court. This case is now ripe for disposition.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion

3

opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### III. Analysis

The Court finds that each of Williams' eight claims of ineffective assistance of counsel should be dismissed, because the Supreme Court of Virginia's dismissal of Williams' claims was neither contrary to, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), which governs such claims, nor was it based upon an unreasonable determination of the facts. 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687.

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Thus, a petitioner must prove that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In other words, a petitioner must be able to overcome "the presumption that . . . the challenged action 'might be

considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Even if counsel committed some error, including a "professionally unreasonable" error, the judgment may only be set aside if the error had an actual effect on the judgment. Strickland, 466 U.S. at 691. Thus, for a court to find counsel's performance constituted ineffective assistance, "any deficiencies in counsel's performance must be prejudicial to the defense . . . ." Id. at 692. It is not enough for a petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (explaining that "a reasonable probability is a probability sufficient to undermine confidence in the outcome").

Accordingly, "failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. A successful petition must show both, as they are "separate and distinct elements" of the claim. Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Claim 1: Misleading the court and failure to represent Williams' concerns over the use of the videotape confession at trial.

In Claim 1, Williams argues that his trial counsel's performance was ineffective because counsel "misled the trial court about petitioner's position regarding the videotape confession being played and failed to represent petitioner's actual concerns." Pet. 7. Williams' claim relates to the Commonwealth's use of a videotaped confession made by Williams, in which there is a

gap where nothing is recorded. The copy used at trial was also redacted by the Commonwealth, in order to remove evidence of other crimes that Williams had discussed with the detective recording the confession.

As the Supreme Court of Virginia recognized, the trial court understood that Williams had concerns about the missing portion of the tape, and explained to him that it would allow the jury to be informed about the matter. Williams expressly stated to the court that he was "satisfied" with that decision regarding use of the tape.[1] Trial Tr. 13, Nov. 16, 2004. As explained in Strickland, "the reasonableness of counsel's action may be determined or substantially influenced by the [petitioner's] own statements or actions." Strickland, 466 U.S. at 691. Where Williams himself agreed to a particular course of conduct at his own trial, he cannot later claim that counsel's performance was deficient for adhering to that decision. Furthermore, Williams has not shown that but for counsel's errors the result of the proceeding would have been different. Although he claims that he was convicted "based on the videotape," Williams does little more than make conclusory statements regarding the weight of this particular piece of evidence. Pet. 8. Such assertions by petitioner are insufficient to satisfy the Strickland test. Rejection of this claim by the Supreme Court of Virginia was not contrary to, nor an unreasonable application of Strickland, and this claim will be dismissed.

Claim 2: Failure to object to the admissibility of or move to suppress the videotaped confession.

---

[1] Williams initially argued that if the entire tape could not be presented to the jury, referring specifically to the missing portion of the tape, then no part of the tape should be shown. The court explained to Williams that although it understood his position, the tape would still be shown at trial. The court informed Williams that it recognized his concerns regarding what was missing, and that the court would "point this out to this jury that there are 10 minutes missing. They'll know that. They'll understand that. You will get a chance to make your point." Trial Tr. 13.

In his second claim, Williams argues that counsel rendered ineffective performance "when he failed to object to the admissibility of the videotape confession or move to suppress it." Pet. 9. Williams alleges that had counsel objected to the admissibility of the tape or moved to suppress it, the trial court would have excluded it from evidence, and without the tape the evidence would have been insufficient for his conviction. In support of his claim for objection or suppression, Williams argues that his confession was coerced by the detective who recorded it, and that because the jury was unable to see the portion of the tape in which the coercion took place due to the detective's alleged deletions, the jury "should not have been allowed to determine whether coercion took place during the deleted portion." Pet. 12. Williams claims that without this portion of the tape, the testimony was insufficient to allow the jury to determine what weight the confession was due.

As already noted with regard to Claim 1, Williams told the trial court prior to the start of the trial that he was satisfied with having the tape played for the jury and then informing the jury about the missing portion. Thus, it would have been futile for counsel to object to the introduction of the tape at the trial, having already consented to its introduction. Furthermore, counsel cross-examined the detective about the missing portion on the tape and the detective's statements to Williams that he would "help" Williams if he cooperated with the detective. Counsel also questioned Williams on direct examination about the confession. Williams replied only that the detective "said that he had enough evidence, that he was going to convict me . . . regardless of what I had done," Trial Tr. 134, and that if Williams confessed the detective promised to "talk to the clerk's office," and to help Williams to get a "time reduction, a lot of stuff." Trial Tr. 133. Williams provided no additional evidence regarding possible coercion at

7

any time during the confession, and gave counsel no other grounds for challenging the confession. Williams is thus unable to prove that counsel's performance was deficient, or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. As a result, the Supreme Court of Virginia's rejection of Claim 2 was in accord with Strickland, and this claim will be dismissed.

Claim 3: Failure to argue that Williams' confession was inadmissible under the exclusionary rule, because his initial arrest lacked probable cause.

In Claim 3, Williams argues that counsel's performance was ineffective because counsel failed to argue that Williams' confession "was illegal and inadmissible under the exclusionary rule because his arrest was invalid due to lack of probable cause." Pet. 13. Williams claims that prior to the coerced confession there was "absolutely no evidence connecting him to the crime." Pet. 14. However, as noted by the Supreme Court of Virginia, Williams failed to present any evidence that his arrest warrant was invalid, and he provided counsel no additional grounds on which counsel could have challenged the warrant. In addition, Williams' claim that there was no other evidence whatsoever tying him to the crime is simply untrue. His own petition indicates that his cell phone was found at the scene of the crime, and that he voluntarily turned over pieces of his clothing that the detective believed had been worn by the Williams on the night of the robbery. Witnesses stated that the robber wore a black flight jacket, a black hat, and a black scarf across his mouth, and petitioner at the time of his arrest was wearing a black flight jacket and a black hat. The police had ample probable cause to effect his arrest. Thus, the Supreme Court of Virginia's rejection of Williams' third claim of ineffective assistance of counsel was not contrary to nor an unreasonable application of Strickland, and the claim will be dismissed.

8

Claim 4: Failure to object to prosecutor's closing argument regarding Williams' confession on the stand.

In his fourth claim, Williams argues that counsel's assistance was ineffective because counsel "failed to object to the prosecutor's statement to the jury during closing argument that petitioner confessed to the crimes on the stand." Pet. 15. Williams claims that "nothing in petitioner's answers suggested he was confessing on the stand." Pet. 16. However, the videotaped confession was played for the jury at trial, and the trial transcript is replete with admissions by Williams, while he was on the stand, that he made the statements in the videotaped confession. Trial Tr. 149-53. Although Williams also testified that his confession in the videotape was false, it was within the prosecutor's discretion to highlight both Williams' videotaped confession and his trial testimony for the jury during closing, and it was within the province of the jury to decide which version of Williams' story to believe. As a result, the Supreme Court of Virginia's holding was not contrary to nor an unreasonable application of Strickland, and Claim 4 will be dismissed.

Claim 5: Failure to argue coercion of Williams' confession in closing.

In Claim 5, Williams argues that counsel's performance was ineffective because "[counsel] failed to argue in his closing argument that [the detective] coerced [Williams'] confession." Pet. 16. Despite Williams' contention, the trial transcript reflects counsel's attempt to bring the alleged coercion to the jury's attention during closing. Counsel reminded the jury about the gap in the videotape, stressed that there was a "big question" about what went on during that time, emphasized the detective's lack of a clear explanation for the gap, and reiterated the detective's testimony that he would "help" Williams if Williams confessed. Trial Tr. 184-85.

Based on the record, Williams is unable to overcome the "strong presumption" noted in Strickland that counsel's decision was no more than sound trial strategy. Because the Supreme Court of Virginia's rejection of Claim 5 was not contrary to or an unreasonable application of Strickland, it will be dismissed.

Claim 6: Failure to pursue coercion of Williams' confession as a defense.

Williams' sixth claim alleges that counsel's performance was ineffective because counsel "failed to pursue the viable defense that [the detective] coerced his confession . . . ." Pet. 18. Williams states only that his confession was coerced by the detective, who promised to "help" Williams if he confessed. No other evidence was proffered by Williams to support his contention or to allow counsel to pursue such a defense to any greater lengths. As discussed above, Williams stated he was "satisfied" with the use of the videotape and the opportunity to provide information about the gap to the jury. Williams testified regarding his interactions with the detective prior to the taped confession and relayed what the detective had told him he would do if Williams confessed. Counsel pursued a strategy at trial based on "informed strategic choices made by the [petitioner] and on information supplied by the [petitioner]." Strickland, 466 U.S. at 691. As a result, the Supreme Court of Virginia rejected Williams' sixth claim in accordance with Strickland, and it will be dismissed.

Claim 7: Failure to request scientific testing of the clothing items presented by the prosecutor at trial for gunshot residue.

In Claim 7, Williams argues that counsel's performance was ineffective because "he failed to request scientific testing of petitioner's clothing items that the Commonwealth collected as evidence and indicated petitioner wore during [sic] robbery in order to prove that no gunshot

residue particles was [sic] present to exculpate petitioner." Pet. 19. Williams claims that because the Commonwealth collected items of his clothing, admitted them into evidence, but never introduced any evidence of gunshot residue, this raises "concern" about its presence on the clothing. Williams states that such tests would have been negative, and those results would have been evidence of his innocence. However, Williams presents nothing more than his own conclusory statements that the results would have been negative. Furthermore, even assuming the results were negative, Williams is unable to demonstrate that these results would have actually affected the proceedings in light of his own confession to the crimes. Because Williams has failed to prove that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different, the Supreme Court of Virginia's rejection of Williams' claim was proper under Strickland, and Claim 7 will be dismissed.

Claim 8: Failure to object to the introduction of Williams' juvenile record during sentencing.

Williams' final claim is that counsel's performance was ineffective because counsel "failed to object to the Commonwealth's introduction, following the jury's guilty verdict, of evidence of what it purported to be petitioner's prior juvenile convictions and that these documents caused an increase in the sentencing guidelines recommendation." Pet. 20. Petitioner specifically argues that "the documents do not definitively prove that he was actually convicted of the crimes charged in the complaint." Pet. 20. Williams' claim is simply without merit. As noted by the Supreme Court of Virginia, the record shows that all of the convictions to which the Commonwealth referred during sentencing were properly certified, authenticated, and admitted into evidence during the sentencing phase. Counsel would have had no grounds to raise such an

argument. Therefore, Claim 8 was properly rejected by the state court, and accordingly will be dismissed.

## IV. Conclusion

Because Williams has failed to demonstrate that counsel's performance was deficient, and has also failed to prove that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different, all of his claims of ineffective assistance of counsel are without merit and will be dismissed, and his Motion for Bond will be denied as moot. An appropriate Order shall issue.

Entered this __15th__ day of __October__ 2008.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge